IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM M. BAILEY | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WMN-06-3435 |
| JOHN ROWLEY, et al | * | |
| Defendants. | | |
| | *** | |

**MEMORANDUM**

Pending is a pro se 42 U.S.C. § 1983 complaint filed by William M. Bailey, a Maryland Division of Correction ("DOC") inmate at the Maryland House of Correction ("MHC") seeking injunctive relief and damages. The court will dismiss the complaint without prejudice for failure to state sufficient facts upon which relief can be granted.

**I. Background**

Bailey complains that his right to due process was violated when he was removed from his foreman position with State Use Industries, now known as Maryland Correctional Enterprise ("MCE") at MHC. Bailey explains that he was scheduled to be transferred from MHC to the Jessup Correctional Institution (JCI) with other prisoners employed at Maryland Correctional Enterprise so that they could continue to work following the murder of an MHC corrections officer last July.

Bailey, who is in a single cell at MHC, was initially assigned to single cell status pending his transfer to JCI, but was later told he would be assigned to a double cell as would other transferees. Bailey refused transfer, citing his medical needs requiring a single cell.[1] Subsequently,

---

[1] Bailey does not provide a basis for assignment to a single-inmate cell. Although he generally refers to his medical needs, he neither alleges the nature of his ailments nor provides any documentation to demonstrate that single-cell status is medically necessary.

Bailey was informed in a letter from Assistant Warden Carolyn Atkins that he was taken off the transfer list and needed to be re-evaluated for a single cell.

Bailey also states that because he refused a double cell at JCI, he is being transferred to the North Branch Correctional Institution for insubordination. On December 18, 2006, Bailey was informed that he was being removed from his job with MCE pending his transfer to North Branch.

As relief, Bailey asks this court to: 1) enjoin his transfer to any institution other than JCI; 2) direct his transfer to JCI; and 3) order his placement in a single-inmate cell once he arrives at JCI.[2] He also seeks lost wages and punitive damages.[3]

## II. Analysis

Although Bailey has neither submitted the $350.00 civil filing fee nor a motion to proceed in forma pauperis, the court will grant him leave to proceed in forma pauperis for the limited purpose of preliminary review of the complaint. Pursuant to 28 U.S.C. §§1915, 1915A, this court has discretion to screen cases filed by prisoners proceeding in forma pauperis. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995). A complaint may be dismissed if it lacks an arguable basis either in law or in fact. *See* 28 U.S.C. §1915A. This court is obliged by 28 U.S.C. §1915A to screen prisoner

---

[2] Bailey additionally asks for appointment of counsel. Bailey has adequately articulated his claims and this matter does not appear unduly complex. Accordingly, the court will deny the request for appointment of counsel pursuant to its discretionary authority. *See* 28 U.S.C. §1915(e)(1); *see also Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

[3] Bailey does not seek injunctive relief to return him to his job at MCE. It bears noting that while educational and vocational studies and training, as well as employment, may serve an important rehabilitative function, a prisoner has no constitutional right to rehabilitation. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bowring v. Godwin*, 551 F.2d at 48 n. 2; *Harris v. Murray*, 761 F. Supp. 409, 415 (E.D. Va. 1990).

complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  This complaint satisfies the standard for dismissal.

First, it is well established that inmates do not have a constitutional right to access programs or to demand to be housed in one prison as opposed to another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).   Under the facts presented here,  Bailey's pending transfer does not implicate a liberty interest in the absence of showing an atypical and significant hardship.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).  Further, the complaint does not allege nor suggest how placement in a double cell would somehow pose an atypical and significant hardship on Bailey's day-to-day prison life.[4]

Although the court appreciates that Bailey has worked "to become a model prisoner, with over ten years of infraction free conduct and six years of skilled employment," he has no constitutional right to choose the place of his confinement.  Accordingly, the court will dismiss the complaint without prejudice.

/s/

January 9, 2007
Date

William M. Nickerson
United States District Judge

---

[4] If Bailey's intent is to seek relief from reassignment to a  double cell, he may file a civil rights complaint under 42 U.S.C. § 1983.  Bailey should specify what "medical needs" require his special cell assignment and any injuries he has suffered.